UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| JAMES ROBERT PERSON, JR., #453005, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) NO. 3:24-cv-00582 ) |
| FRANK STRADA, et al., | ) ) |
| Defendants. | ) ) |

**MEMORANDUM OPINION AND ORDER**

James Person, Jr., an inmate of the Morgan County Correctional Complex (MCCX) in Wartburg, Tennessee, initiated this action under 42 U.S.C. § 1983 by filing a pro se complaint (Doc. No. 1) and an application to proceed in forma pauperis (IFP). By Order entered August 22, 2024 (Doc. No. 7), the Court denied Plaintiff's IFP application without prejudice to renewal, but Plaintiff was not served with a copy of that Order until late September. Shortly thereafter, on October 8, 2024, the Court received Plaintiff's renewed IFP application. (Doc. No. 11).

The case is now before the Court for ruling on Plaintiff's IFP application and for consideration of whether the Middle District of Tennessee is the proper venue for this lawsuit.

**I. FILING FEE**

Under the Prison Litigation Reform Act (PLRA), 28 U.S.C. § 1915(a), a prisoner bringing a civil action may apply for permission to file suit without prepaying the filing fee required by 28 U.S.C. § 1914(a). Because it is apparent from Plaintiff's IFP application that he lacks the funds to pay the entire filing fee in advance, his application (Doc. No. 11) is **GRANTED**.

Pursuant to 28 U.S.C. §§ 1915(b) and 1914(a), Plaintiff is nonetheless assessed the $350 civil filing fee.[1] The warden of the facility in which Plaintiff is currently housed, as custodian of Plaintiff's trust account, is **DIRECTED** to submit to the Clerk of Court, as an initial payment, the greater of: (a) 20% of the average monthly deposits to Plaintiff's credit at the jail; or (b) 20% of the average monthly balance to Plaintiff's credit for the six-month period immediately preceding the filing of the complaint. 28 U.S.C. § 1915(b)(1). Thereafter, the custodian shall submit 20% of Plaintiff's preceding monthly income (or income credited to Plaintiff for the preceding month), but only when the balance in his account exceeds $10. Id. § 1915(b)(2). Payments shall continue until the $350 filing fee has been paid in full to the Clerk of Court. Id. § 1915(b)(3).

The Clerk of Court **MUST** send a copy of this Order to the warden of the facility where Plaintiff is housed to ensure compliance with that portion of 28 U.S.C. § 1915 pertaining to the payment of the filing fee. If Plaintiff is transferred from his present place of confinement, the custodian must ensure that a copy of this Order follows Plaintiff to his new place of confinement, for continued compliance with the Order. All payments made pursuant to this Order must be submitted to the Clerk of Court for the United States District Court for the Middle District of Tennessee, 719 Church Street, Nashville, TN 37203.

## II. VENUE

The Complaint seeks to recover damages for injuries that Plaintiff allegedly sustained at MCCX on March 11, 2024, when officers forcibly extracted him from his cell. (Doc. No. 1 at 4–

---

[1] Prisoners bringing civil lawsuits or appeals are "required to pay the full amount of a filing fee." 28 U.S.C. § 1915(b)(1). But that payment may be made in installments over time via an assessment against the prisoner's inmate trust account, rather than in a lump sum at the time of filing, if the prisoner submits a proper IFP application. Prisoners whose IFP applications are denied must pay a total fee of $405—a civil filing fee of $350 plus a civil administrative fee of $55—while prisoners whose IFP applications are granted are only liable for the $350 civil filing fee. See 28 U.S.C. § 1914(a)–(b) & Dist. Ct. Misc. Fee Schedule, provision 14 (eff. Dec. 1, 2023).

5; Doc. No. 1-1 at 1–2). The Defendants named in the Complaint are the Tennessee Department of Correction (TDOC), the TDOC Commissioner, and three officials at MCCX—Unit Manager Crass, Warden Jones, and C.C.O. Hutson. (Doc. No. 1 at 1–3). As explained below, although the Complaint was properly filed in this District, the interests of justice and the convenience of parties and witnesses dictate otherwise.

Under 28 U.S.C. § 1391(b), venue is proper in: (1) a judicial district where any defendant resides, if all defendants reside in the same state; (2) a district where a substantial part of the events or omissions giving rise to the claim occurred or a substantial part of the property in question is situated; or (3) if there is no other district in which the plaintiff may bring the action, a district where any defendant is subject to the court's personal jurisdiction with respect to such action. 28 U.S.C. § 1391(b). A court considering the issue of venue must initially determine whether the district in which it sits meets any of these three descriptions. Atl. Marine Const. Co. v. U.S. Dist. Court for W. Dist. of Texas, 571 U.S. 49, 56 (2013). "If it does, venue is proper," though the court in its discretion may still dismiss or transfer the case in the interest of justice and for the sake of convenience of parties and witnesses under 28 U.S.C. § 1404(a), "a codification of the doctrine of *forum non conveniens*." Id. at 56, 60; see also K-Tex, LLC v. Cintas Corp., 693 F. App'x 406, 408–09 (6th Cir. 2017). "[I]f it does not, venue is improper, and the case must be dismissed or transferred under § 1406(a)," Atl. Marine Const. Co., 571 U.S. at 56, which prescribes this outcome for "a case laying venue in the wrong division or district." 28 U.S.C. § 1406(a).

This case falls under the first Section 1391(b) category above, as all Defendants—TDOC, Commissioner Strada, and the three MCCX officials—reside in this state. Venue in this District is not improper because TDOC and Strada reside here. But the other individual Defendants appear to reside in Morgan County, Tennessee, within the Eastern District of Tennessee, see 28 U.S.C.

3

§ 123(a)(1), where they work at the MCCX campus. (See Doc. No. 1 at 2–3). Moreover, the Complaint is solely concerned with wrongdoing that allegedly occurred at MCCX, where Plaintiff continues to reside as an inmate and where his injuries were witnessed, documented, and treated. (See Doc. No. 1-1 at 1–2; Doc. No. 1-2 at 1–2). Whereas the claims against the MCCX officials relate to their alleged roles in facilitating or covering up the incident which produced Plaintiff's injuries (see Doc. No. 1-2 at 1), the only claim against TDOC/Strada is for failure generally to ensure that "all inmates," including Plaintiff, are "safe, fed[,] and taken care of." (Doc. No. 1 at 4; Doc. No. 1-2 at 1). On balance, these factors weigh in favor of transfer.

"Although a plaintiff's choice of forum is generally given deference, that choice may be defeated, especially in cases when the plaintiff has little or no connection to the chosen forum," as here. Burnett v. Caruso, No. 10-cv-10749, 2010 WL 1609256, at *2 (E.D. Mich. Apr. 19, 2010). In light of the circumstances discussed above, the Court finds that transfer to the Eastern District is warranted for the convenience of parties and witnesses and in the interest of justice, pursuant to 28 U.S.C. § 1404(a).

Accordingly, the Clerk is **DIRECTED** to **TRANSFER** this action to the United States District Court for the Eastern District of Tennessee, Northern Division at Knoxville.

The Clerk shall close this case.

IT IS SO ORDERED.

_____
WAVERLY D. CRENSHAW, JR.
UNITED STATES DISTRICT JUDGE